UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LUSSON, et al., | Case No. 16-cv-00705-VC |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| APPLE, INC., | Re: Dkt. No. 27 |
| Defendant. | |

**I. Standing and Mootness**

The plaintiffs lack standing to pursue injunctive relief. To the extent they seek "[i]njunctive relief in the form of a software update preventing Error 53 from rendering Affected Models completely inoperable and unusable and/or rendering 'bricked' devices operable and usable again," Complaint at 28, they can't "establish a real and immediate threat of repeated injury," *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc), because Apple has already released such a software update.[1] To the extent they seek an injunction requiring Apple to cover repair and replacement costs, Complaint at 29, the same is true, because Apple has already agreed to do that. To the extent they seek an injunction prohibiting Apple from engaging in the allegedly misleading advertising, *see* Complaint ¶¶93-108, there is "no

---

[1] This issue is best characterized as a matter of standing, not mootness. "The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint," *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007), and the operative complaint was filed on April 13, 2016 – after Apple had already released its February 2016 software update. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007).

danger that they will be misled in the future," *Garrison v. Whole Foods Mkt. Grp.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014), because they are now aware of Apple's alleged deception.

The plaintiffs' request for monetary relief is not moot, despite Apple's offer to reimburse consumers for expenses incurred because of Error 53.  As the Supreme Court recently held, "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016).  Nor is "prudential mootness" a reason to dismiss what remains of this lawsuit: the Ninth Circuit has "applied prudential mootness only in the bankruptcy context, when there are no assets left to distribute." *Maldonado v. Lynch*, 786 F.3d 1155, 1161 n.5 (9th Cir. 2015) (en banc).

## II. Negligence and Negligent Misrepresentation Claims

The plaintiffs allege that Error 53 rendered their "devices completely unusable and inoperable," Complaint ¶91, and therefore seek damages for "the loss of their devices, the cost of any services utilized in an attempt to remedy the inoperability of their devices, and the cost of purchasing a replacement device," Complaint ¶81.  But the economic loss rule prevents the plaintiffs from recovering these damages under their negligence and negligent misrepresentation claims.  The economic loss rule prevents tort plaintiffs from recovering "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits," *N. Am. Chem. Co. v. Superior Court*, 69 Cal. Rptr. 2d 466, 472 n.8 (Ct. App. 1997), "arising from the sale or purchase of a defective product," *id.* at 474-75, unless they "demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses," *id.* at 475; *accord Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 272-73 (Cal. 2004).  Damages for the plaintiffs' broken iPhones fall within this rule, so any common-law claims to pursue them must be brought in contract, not tort.  *See Robinson*, 102 P.3d at 272,

The plaintiffs argue that the economic loss rule doesn't apply because they have lost data that was stored on their iPhones, and this data loss constitutes damage to property other than the

iPhone.  But the complaint doesn't plausibly allege that the plaintiffs have lost data in a way that's separate from the damage to their iPhones.  The complaint alleges that "Error 53 renders [the iPhones] entirely useless and inoperable," so that "[d]ata that was stored on the device, such as photographs or video," is "permanently gone unless previously saved at a retrievable location."  Complaint ¶18.  Judging from their reference to the way in which Error 53 renders iPhones useless and inoperable, the plaintiffs don't seem to mean their data is "gone" in the sense that (for example) the flash memory on which it's encoded has been physically destroyed: they seem to mean their data is "gone" in the sense that they can't access it unless their iPhones are fixed.[2]  The reason the plaintiffs can't access their data is that their iPhones are defective.  In other words, this allegation of "data loss" is really an allegation about the iPhone's malfunction: the plaintiffs used to rely on their iPhones to access certain data, and now they can't access that data, because their iPhones are broken and haven't yet been fixed.

The plaintiffs' negligence and negligent retention claims are thus barred by the economic loss rule, and are dismissed.  If the plaintiffs believe they can amend these claims to explain how they have "lost" data in a way that's separate from the damage to their iPhones, they may do so.  In deciding whether and how to amend, however, the plaintiffs should be aware that the relevant exception to the economic loss rule seems to require "*physical* damage" to separate property.  *N. Am. Chem. Co.*, 69 Cal. Rptr. 2d at 475 (emphasis added).

### III. UCL, FAL, and CLRA Claims

The complaint also alleges violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act.  The UCL claim alleges both that Apple "knowingly and intentionally conceal[ed]" information about iPhones' susceptibility to Error 53,

---

[2] One of the plaintiffs, Alexander Saenz, has submitted a declaration in which he reports that he "los[t]" all of the data on his iPhone when he restored that phone to factory settings.  *See* Saenz Declaration ¶¶8-10.  This may put Saenz in a different position from plaintiffs who have lost access to their data because their iPhones are simply inoperable, and perhaps it would be possible for a plaintiff in Saenz's position to allege that he has physically lost data itself (as opposed to the iPhone's ability to access data) in a way that those other plaintiffs have not.  And perhaps that would fall outside the economic loss rule.  But the plaintiffs have not yet included any such allegations in their complaint.

and that Apple affirmatively "market[ed] Apple software updates as compatible" with consumers' iPhones when, in fact, those updates would trigger Error 53.  Complaint ¶96.  The FAL claim alleges that Apple made "misrepresentations and omissions regarding the safety, reliability, functionality, and compatibility" of Apple's operating systems and iPhones.  Complaint ¶105.  The CLRA claim, similarly, alleges that Apple "made numerous representations concerning the benefits, efficiency, and seamlessness of its Operating System updates" and iPhones, and also that Apple "fail[ed] to disclose" that affected iPhones "and/or Operating Systems contained features designed to make [the iPhones] inoperable."  Complaint ¶¶114-15.

These allegations sound in fraud, *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009), so the facts surrounding them (other than those facts concerning state of mind) must be pled with particularity, *see* Fed. R. Civ. P. 9(b).  But the complaint does little to flesh out Apple's alleged misrepresentations and omissions, or to connect the dots between Apple's alleged deception and the plaintiffs' allegations that they were deceived.  The complaint recites a few alleged affirmative misrepresentations, *see* Complaint ¶¶11-13, but the complaint doesn't explain how those statements are actually misleading, and doesn't give any detail about how or when the plaintiffs actually relied on them.  In fact, the complaint doesn't seem to allege that the plaintiffs relied on those statements at all, except in the most conclusory terms.  *See* Complaint ¶¶91, 106.  These allegations are not "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

It's not clear that the plaintiffs' omission-based theory is sufficiently pled under Rule 9.  *See Punian v. Gillette Co.* (*Punian II*), No. 14-cv-05028-LHK, 2016 WL 1029607, at *9-16 (N.D. Cal. Mar. 15, 2016).  But the Court doesn't need to reach that issue, because the plaintiffs haven't adequately pled knowledge (which is not subject to heightened Rule 9 pleading requirements) under Rule 8.  *Cf. Punian v. Gillette Co.* (*Punian I*), No. 14-cv-05028-LHK, 2015

WL 4967535, at *10 (N.D. Cal. Aug. 20, 2015).  With regard to Apple's alleged omissions, the plaintiffs' position seems to be that Apple should have "disclosed that their devices would be destroyed by imbedded features if they had repaired devices using an independent service and then updated to certain iOS versions."  Complaint ¶4.  But the plaintiffs haven't plausibly alleged that Apple actually knew of this alleged risk.  The Complaint contends that "Apple knew of its misrepresentations and omissions because Apple designed the Affected Models and the Operating Systems and controlled how the Operating Systems' and/or Affected Models' so-called security features would affect the functionality of Affected Models failing to pass the check triggering Error 53."  Complaint ¶89.  But the mere fact that a company has designed a product doesn't mean it automatically knows about all of that product's potential design flaws.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-47 (9th Cir. 2012).  And the plaintiffs' other allegations about Apple's knowledge are "merely conclusory."  *Id.* at 1147.

If the plaintiffs believe they can plausibly, specifically, and in good faith allege that Apple deliberately concealed from its customers that it had designed its phones and operating systems in a way that would often cause them to break, they may amend these statutory claims.

## IV. Unjust Enrichment

The complaint contains a separate count for unjust enrichment.  The plaintiffs will not be able to proceed on a freestanding unjust enrichment claim because, under California law, "[u]njust enrichment is not a cause of action."  *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 118 (Ct. App. 2011).  And though courts may "construe the [unjust enrichment] cause of action as a quasi-contract claim seeking restitution," *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 3d 864, 872 (Ct. App. 2014), "[a]n action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter," *id.*  Here (as the plaintiffs acknowledge, *see* Complaint ¶¶4, 46, 56), express contracts already address the relationship between Apple and iPhone customers, so the plaintiffs have no quasi-contract claim.

5

This means that the plaintiffs' unjust enrichment claim is really "just a restitution claim." *Hill*, 128 Cal. Rptr. 3d at 118.  And their other claims already allow for restitution, so their unjust enrichment claim is duplicative or superfluous.  But the fact that unjust enrichment allegations are "duplicative of or superfluous to . . . other claims . . . is not grounds for dismissal." *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015).  It's not unusual for a complaint to allege separate "claims" for separate remedies – like punitive damages or injunctive relief – that are not independent causes of action.  Courts should let these claims rise and fall with the underlying, substantive claims on which they rely.  *See Cortez v. Skol*, 776 F.3d 1046, 1050 n.2 (9th Cir. 2015).  Thus, because the plaintiffs have not otherwise stated a claim, their complaint is dismissed.

**IT IS SO ORDERED.**

Dated: June 20, 2016

_____
VINCE CHHABRIA
United States District Judge